## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DR. CHARLES HOPSON, Ph.D.**                                    **PLAINTIFF**

v.                                    **No. 4:11-cv-608-DPM**

**DR. TOM KIMBRELL, in his official capacity**
**as Commissioner, Arkansas Department**
**of Education; and PULASKI COUNTY**
**SPECIAL SCHOOL DISTRICT**                                    **DEFENDANTS**

### ORDER

In September 2012, the Court dismissed most of Dr. Hopson's claims. № 45. Dr. Hopson died in October. In November, Dr. Kimbrell filed a suggestion of death on the record. № 49. The ninety-day substitution window established by Rule 25 closed with no substitution motion. With important exceptions, the Rule provides that the claim "must be dismissed" in that circumstance. In late April 2013, Patricia Hopson, Dr. Hopson's widow, moved to substitute herself as plaintiff. Should the Court dismiss Dr. Hopson's complaint, or grant his widow's untimely request to proceed with what remains of this case on the estate's behalf? Dr. Kimbrell opposes substitution, though he argues that it is immaterial to him whether the case goes forward because the only claim remaining against him was extinguished

with Dr. Hopson's death. № 63. Is this case over as to Dr. Kimbrell no matter what?

**1. Survival.** In September 2012, the Court dismissed all Dr. Hopson's constitutional claims except his claim that Dr. Kimbrell denied him procedural due process when Dr. Kimbrell ordered the Pulaski County Special School District not to honor the contract's buyout clause. № 45. Sovereign immunity barred damages. Dr. Kimbrell's plenary removal authority under the fiscal-distress statutes precluded injunctive relief. № 45 *at 16*. But the Court left open the possibility that Dr. Hopson could receive a declaration that Dr. Kimbrell violated his constitutional rights. *Ibid.*

Dr. Kimbrell now says that Dr. Hopson's death eliminated that possibility as a matter of law. The Court agrees. State law determines whether a cause of action for federal civil rights violations survives the plaintiff's death. *Robertson v. Wegman*, 436 U.S. 584, 588–90 (1978). In Arkansas, actions to recover for dignitary injuries — slander, libel, and malicious prosecution, for example — do not survive. *Parkerson v. Carrouth*, 782 F.2d 1449, 1455 (8th Cir. 1986). Dr. Hopson's claim for a declaration is just such an action. Indeed, vindication for Dr. Hopson, and the attorney fees

incurred to secure that vindication, are all Mrs. Hopson could hope to achieve here. Compare malicious prosecution and invasion-of-privacy claims, which do not survive even though in the usual case they could result in a damage award to the estate. The constitutional claim against Dr. Kimbrell for this alleged injury to the late Dr. Hopson, an intangible matter, must be dismissed with prejudice.

Dr. Hopson's quasi-contract claim against the Pulaski County Special School District survives. If the claim is considered as a matter of contract, Dr. Hopson's death is legally immaterial. *McDonald v. Pettus*, 337 Ark. 265, 278, 988 S.W.2d 9, 16 (1998); NEWBERN, WATKINS & MARSHALL, 2 ARKANSAS PRACTICE SERIES, CIVIL PRACTICE AND PROCEDURE § 7:11 at 192-193, n. 3 (5th ed. 2010). To the extent the claim is beyond the contract, the survival statute embraces and preserves it. ARK. CODE ANN. § 16-62-101(a)(1).

**2. Substitution.** The remaining motions concern whether Dr. Hopson's buyout-related claim against the PCSSD must be dismissed under Federal Rule of Civil Procedure 25(a) because no plaintiff was substituted in the 90 days the Rules allow. Dr. Kimbrell and PCSSD move to dismiss. Dr. Hopson's lawyer opposes with several arguments: the District didn't serve

its own suggestion of death; Dr. Kimbrell's suggestion was improperly served because Dr. Hopson's lawyer did not represent the estate; and the failure to substitute a party resulted from excusable neglect. But Dr. Hopson's lawyer says that if the Court does dismiss, it should do so without prejudice.

Any party or a nonparty may file a suggestion of death to start the Rule 25(a) clock running, *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998), so the first argument fails. But counsel is right that the suggestion of death must be filed *and* served on the parties. And the consensus is that the suggestion must be served on interested nonparties too — with one wrinkle: The suggestion need not be served on nonparties who are not ascertainable to the defendant when he files the suggestion. *George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001); *see generally Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008) (Posner, J.). The timing of the probate filings shows that Dr. Kimbrell could not have served the suggestion on Dr. Hopson's estate in November 2012 because no personal representative had yet been appointed. № 55 at 2. In the circumstances, service on Dr. Hopson's lawyer was proper.

So the substitution issue comes down to whether Patricia Hopson's tardiness was "because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). A timeline of events in this case and in the probate case is helpful.

- 9 October 2012          Dr. Charles Hopson died.

- 9 November 2012          Suggestion of death filed.

- 11 January 2013          Mrs. Hopson petitioned the probate division
                            of the Nevada County Circuit Court to open
                            an estate for Dr. Hopson and for appointment
                            as his administratrix. № 69–1 at 1.

- 6 March 2013          Mrs. Hopson filed Dr. Hopson's will in the
                            Circuit Court and petitioned for appointment
                            as Dr. Hopson's executrix. № 69–1 at 1.

- 21 March 2013          The Circuit Court, sitting in the probate
                            division, opened the estate and appointed
                            Mrs. Hopson executrix. № 59–1.

- 11 February 2013          Deadline for filing motion for substitution.*

- 1 April 2013          The Circuit Clerk filed the appointment order.
                            № 69–1 at 1.

- 29 April 2013          Mrs. Hopson moved in this Court to be
                            substituted as plaintiff. № 60.

Mrs. Hopson's motion to substitute was 77 days late. FED. R. CIV. P.

25(a)(1). The Court concludes part of the delay was beyond Mrs. Hopson's

control, and that her failure to timely file a motion to substitute was because

of excusable neglect. *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). Mrs.

Hopson petitioned to be appointed as Dr. Hopson's personal representative

---

* Rule 25 gives 90 days after the suggestion is served to file the
motion to substitute. FED. R. CIV. P. 25(a)(1). Kimbrell served the
suggestion via the CM/ECF system, which extended that period by 3 days.
FED. R. CIV. P. 6(d). February 10th was a Sunday, so the deadline was
Monday, February 11th. FED. R. CIV. P. 6(a)(1)(C).

in early January 2013. In light of the difficult financial and personal circumstances recited in Mrs. Hopson's reply, № 69, including uncertainty about where to probate her husband's estate, the Court cannot say that the approximately two-month delay between the suggestion of death and her petition to open the estate was unreasonable. The Nevada County Circuit Court did not appoint her until early April 2013. The almost four months it took to get action from the Circuit Court on the petition to open the estate is an unusually long time. Dividing responsibility for this delay between counsel and an obviously busy and distant Court, reduces the tardiness attributable to Mrs. Hopson. The Circuit Court's workload is a circumstance beyond a litigant's control. Before appointment, she would not have been a proper plaintiff here. There is no suggestion that Mrs. Hopson was acting other than in good faith. Neither PCSSD nor Dr. Kimbrell has shown any prejudice from the delay. The practical result of a substitution defect would be (everyone agrees) dismissal without prejudice of the one remaining claim: the quasi-contract claim against PCSSD. That step would likely lead only to starting the one part left of this case over in a state court unfamiliar with the dispute. Neither judicial economy nor the parties would be well served. The

Court concludes that granting the untimely motion to substitute achieves equity and common sense, taking into account all the relevant circumstances. *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

* * *

The PCSSD's motion to adopt Dr. Kimbrell's motion to dismiss, № 53, is granted. That motion for dismissal based on untimely substitution, № 51, is denied. Patricia Hopson's motion, as executrix of Dr. Hopson's estate, to be substituted as plaintiff, № 60, is granted. The Court directs the Clerk to adjust the docket accordingly. Dr. Kimbrell's motion to dismiss Dr. Hopson's remaining procedural-due-process claim against him, № 63, is granted. That claim is dismissed with prejudice. Dr. Kimbrell is dismissed as a defendant.

The Court appreciates the parties' recent status reports. № 71, 72 & 73. PCSSD and Mrs. Hopson both say they're open to settlement discussions. The Court therefore requests the Honorable Joe J. Volpe to hold a settlement conference soon. The parties should also proceed apace with discovery, motions, and trial preparation because the deadlines are imminent. № 47.

-7-

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

20 June 2013