IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICIA HOPSON, as Executrix of the
Estate of Dr. Charles Hopson                                                        PLAINTIFF

v.                              No. 4:11-cv-608-DPM

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT                                                                             DEFENDANT

ORDER

Dr. Hopson's estate has one claim left: promissory estoppel. № 45 & 74. Arguing various reasons, the Pulaski County Special School District seeks judgment as a matter of law on that claim. The parties agree on the claim's elements. *E.g., Van Dyke v. Glover*, 326 Ark. 736, 744–45, 934 S.W.2d 204, 209 (1996); *see generally* HOWARD W. BRILL, LAW OF DAMAGES § 17:14 (5th ed. 2004). Whether Dr. Hopson relied to his detriment on assurances that no State takeover was in the offing, and on a promise that he was entitled to a buyout from PCSSD if discharged without cause in any event, must be resolved by the fact finder at trial.

1. PCSSD is mistaken in its threshold argument that the Estate's promissory estoppel claim runs only against the State defendants who've been dismissed. The amended and substituted complaint, it is true, speaks

mostly about an alleged assurance from Dr. Kimbrell as the basis for this claim. № 2 at 13–15. But the claim incorporated "all relevant information stated herein before." № 2 at 13, ¶ 54. And that information included the attached and incorporated contract with PCSSD containing the buyout provision, № 2 at 23–41, as well as all the background circumstances. This Court held a year ago that Dr. Hopson had pleaded a promissory estoppel claim against the District. № 45 at 18–19. The Court reaffirmed that ruling on the substitution issues resulting from Dr. Hopson's passing. № 74 at 3, 6. The promissory estoppel claim against PCSSD is before the Court for adjudication.

2. Genuine issues of material fact exist about the claim. Taking the record in the light most favorable to the Estate, *Ewald v. Wal-Mart Stores, Inc.*, 139 F.3d 619, 621 (8th Cir. 1998), Dr. Kimbrell and various PCSSD board members assured Dr. Hopson that no State takeover was planned or likely. № 2 at 6–7; № 83-1 at 1–4. Whether these assurances amounted to an actionable promise is a question of fact. *Van Dyke*, 326 Ark. at 745, 934 S.W.2d at 209. There is also the PCSSD/Hopson contract, which promised the buyout so long as no cause existed for any termination. № 2 at 30–33. The contract was discharged based on impossibility. № 45 at 17–18. But the promised

buyout remains a promise *from* PCSSD. № 83-1 at 2. The District's integration argument is wide of the mark because the Estate has no remaining contract claim. The promise of a buyout, though, is part of the Estate's equitable claim. Questions of fact likewise exist on Dr. Hopson's alleged reliance—its reasonableness in the circumstances, whether detriment resulted, and the particulars of the alleged harm. The fact finder must decide whether the affiants are right about Dr. Hopson's unwillingness to take the job absent assurances that no takeover was imminent and the promised buyout for insurance. Whether cause existed for the termination also remains in dispute. This contested point goes to the justice or injustice of granting any relief. *Reynolds v. Texarkana Construction Co.*, 237 Ark. 583, 584–85, 374 S.W.2d 818, 819–20 (1964).

**3.** The Court rejects PCSSD's further reliance on the *Smith* case. The Court of Appeals' decision is solid as far as it goes, but does not control on the remaining claim. The contract there contained no buyout clause. More importantly, former superintendent Smith made no promissory estoppel claim. He sought recovery only for breach of contract. *Smith v. Decatur School District*, 2011 Ark. App. 126, *3.

PCSSD's impossibility defense is solid at law to eliminate the District's obligation to perform the contract. *№ 45 at 17–18*. This defense does not hold in equity. The discharge of the parties' contract by impossibility based on the State's statutory takeover is one of the premises of Dr. Hopson having an equitable claim off the contract. This is made plain by the unjust-enrichment cases wrestling with the contract claim/equitable claim issue. *Friends of Children, Inc. v. Marcus*, 46 Ark. App. 57, 61, 876 S.W.2d 603, 605 (1994)(listing examples); *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 605–09 (discussing examples, explaining the reason for the rule, and applying Arkansas law); *QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, *9–*11, 373 S.W.3d 318, 324–25 (same). The reason that eliminated a party's contractual rights at law, and opened the possibility of a claim in equity, does not simultaneously foreclose that equitable claim.

**4.** This case is set for a jury trial starting November 12th. *№ 47.* As the Court noted last year when making this setting, whether the claim against PCSSD should be tried by a jury or the Court is an open question. *№ 46.* (The Court misspoke then: PCSSD requested a jury trial; Dr. Hopson did not. *Compare № 46, with № 2 and № 12 at 6*). The Court needs briefing on this murky point. AMI 2444, Comment. The parties should cover it in detail in

their trial briefs due on 15 October 2013.

* * *

PCSSD's motion for summary judgment, № 78, is denied.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

*16 September 2013*