IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
WESTERN DIVISION

PATRICIA HOPSON, EXECUTRIX OF THE
ESTATE OF CHARLES HOPSON, DECEASED                                  PLAINTIFF

vs.                            No. 4:11-cv-00608-DPM

DR. TOM KIMBRELL, in his individual and official
capacities as Commissioner, Arkansas Department of Education;
DR. JERRY GUESS, in his official capacity as Superintendent of
PULASKI COUNTY SPECIAL SCHOOL DISTRICT                              DEFENDANTS

## SEPARATE DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

Separate Defendants, Dr. Jerry Guess and Pulaski County Special School District, by their attorneys, Bequette & Billingsley, P.A. and Allen P. Roberts, P.A., for their Responses to Plaintiff's Interrogatories, state:

### OVERVIEW AND GENERAL OBJECTIONS

A.   These responses are not intended to, nor should they be construed as effecting waivers as to any objection that Separate Defendants may have in relation to the relevance, materiality, admissibility, privilege or competence, either of the various discovery requests or of the information or documents identified herein. On the contrary, these answers and responses are intended to preserve and do in fact preserve Separate Defendants' right to object on any grounds at any time to the discovery itself or to the use of information gained through this discovery in this litigation;

B.   Separate Defendants further reserve the right to object to additional discovery addressed to matters covered by these discovery requests, whether or not answers are furnished herein. Separate Defendants expressly reserve the right to supplement, revise, add to, clarify, or

correct any answers or responses herein. The answers and responses of Separate Defendants are based upon their understanding of the inquiries proposed by Plaintiff's discovery requests and Separate Defendants assume no responsibility for providing information in the care, custody, or control of any entity other than Separate Defendants, and to the extent the requests attempt to impose some responsibility, objection is made thereto;

C. In answering Plaintiff's discovery requests, Separate Defendants have defined the words used in the requests, as well as in these answers and responses, as those words are used in simple parlance;

D. To the extent these requests seek any information which constitutes or is a part of Separate Defendants' work product, Separate Defendants object;

E. To the extent requests seek any information which constitutes or is a part of any confidential or privileged matter, Separate Defendants object;

F. Separate Defendants generally object to Plaintiff's discovery requests to the extent they seek to require Separate Defendants to produce documents at a location other than the present location of such documents;

G. Separate Defendants further object to such discovery requests to the extent they seek privileged documents, including, without limitation, documents protected by the attorney-client privilege and attorney's work product privilege; and

H. Separate Defendants object to the extent that the documents requested are neither generally nor specifically limited to a reasonable period of time and object to the production and/or inspection of any documents which do not concern a relevant time period.

Subject to the foregoing general objections, and any additional specific objections which may be hereinafter set forth, Separate Defendants specifically respond to each of Plaintiff's interrogatories.

**INTERROGATORY NO. 7**: For what reason did the Pulaski County School District did not honor the buy out provision of Dr. Charles Hopson's contract?

**RESPONSE:** Ark. Code Ann. §§ 6-20-1901, *et seq.*

**INTERROGATORY NO. 8**: Under Dr. Hopson's contract with the Pulaski County School District, if his buy out provision had been honored, what amount should Dr. Hopson been paid?

**RESPONSE:** Objection. This Interrogatory is confusing in that it does not specify the date of such termination without cause pursuant to the contract. Subject to and without waiving such objection, the contract provides that in the event of a termination without cause, Dr. Hopson was to be paid for the succeeding 18 months, the salary and benefits provided for in sections 2, 9 and 11 of the contract.

**INTERROGATORY NO. 9**: Would the Pulaski County Special School District have honored Dr. Hopson's buy out provision in his contract but not for the letter from the Department of Education directing the Pulaski County School District not to honor his buy out provision?

**RESPONSE:** Objection. This Interrogatory would require Separate Defendants to speculate as to what the District's Board of Directors would have done.

**INTERROGATORY NO. 10**: Did the Pulaski County School District consider Dr. Charles Hopson's termination for good cause as defined under the Fair Teacher Dismissal Act?

**RESPONSE:** The District did not terminate Dr. Hopson.

y

INTERROGATORY NO. 11: If known, what discussions occurred between Dr. Charles Hopson and authorities at the Pulaski County School District concerning the possibility of the school district being taken over by the State due to fiscal distress?

**RESPONSE:** Separate Defendants have no specific knowledge of any such discussions, other than the District was aware that actions required by Ark. Code Ann. §§ 6-20-1901, *et seq.*, had been taken prior to June 20, 2011.

Respectfully submitted,

BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092

By: /s/ Jay Bequette
Jay Bequette, #87012

ALLEN P. ROBERTS, P.A.
325 Jefferson Street, S.W.
P.O. Box 280
Camden, AR 71711
Telephone: (870) 836-5310
Fax: (870) 836-9662
E-mail: allen@aprobertslaw.com

Attorneys for Separate Defendants Dr. Jerry Guess and Pulaski County Special School District

## CERTIFICATE OF SERVICE

I, Jay Bequette, do hereby certify that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, to the following on this 13th day of August, 2013:

Rickey H. Hicks
415 Main Place
Little Rock, AR 72201

David O. Bowden
P.O. Box 193101
Little Rock, AR 72219-3101

_____
Jay Bequette

J:\MARGO\Fend\Hopson\Responses to Interrogatories.wpd